## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**TAMMY SLAY,**

           **Plaintiff,**

**v.**                                                          **CASE NO. 5:14-cv-264-RS-GRJ**

**GLENN HESS, et al.,**

           **Defendants.**

_____/

## ORDER

Before me are Defendants' Motion to Dismiss Amended Complaint (Doc. 2), and Plaintiff's Memorandum in Opposition (Doc. 7). The relief requested in Defendants' Motion to Dismiss Amended Complaint (Doc. 2) is **GRANTED**.

## STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).

The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is entitled to
> relief." Specific facts are not necessary; the statement need only
> "'give the defendant fair notice of what the . . . claim is and the
> grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550
> U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47
> (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need

detailed factual allegations." *Bell Atlantic Corp.*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of

action is insufficient. A complaint must include more than "labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must include "allegations

plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to

relief. *Id.* at 557.

## BACKGROUND

While considering a motion to dismiss, I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff. *Shands Teaching

Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir.

1999)).

In Plaintiff's Amended Complaint, Plaintiff alleges that from March 1997 to

October 2013, Plaintiff worked as a Victim Advocate for the  State Attorney

Office. Doc. 1. According to Plaintiff, in November 2012, an email was sent to the

Victim Advocates for the entire 14th Judicial Circuit, informing them that their

timesheets needed to reflect 100% time spent on the VOCA Grant. *Id.* Despite this

direction, Plaintiff refused to reflect that 100% of her time was spent on the grant.

*Id.*

Plaintiff alleges that subsequent to the November email, a non-party

employee from Defendants' business office wrote on her timesheet[1], and on March

27, 2013, this employee sent Plaintiff another email requesting that she certify that

she had spent 100% of her time on the VOCA Grant. *Id.* In response, Plaintiff

communicated her concerns about being asked to falsify her timesheets, and

requested an opportunity to speak to Defendant Wilson about the issue. *Id.*

On April 2, 2013, Plaintiff and Defendant Wilson had a telephone meeting.

*Id.* During that phone meeting, Plaintiff again discussed concerns about being

asked to falsely represent the amount of time she spent working on the VOCA

Grant. *Id.* According to Plaintiff, Defendant Wilson made the statement during the

meeting that perhaps Washington County did not need a full time Victim

Advocate. *Id.*

Plaintiff continued to indicate on her timesheets that she was working only

75% on the VOCA Grant. *Id.* Then, about six months after the phone meeting,

---

[1] In Plaintiff's Amended Complaint, Plaintiff does not allege what was written on her timesheet,
just that there was writing. Doc. 1.

Plaintiff was informed that the Washington County Victim Advocate position was being eliminated. *Id.* Defendants informed her that she could transfer to the Bay County office as their new Victim Advocate, or she could stay in Washington County as a receptionist and take a $7,000 cut in pay. *Id.* In October 2013, Plaintiff resigned. *Id.*

## ANALYSIS

In Defendants' motion to dismiss, Defendants argue that Plaintiff cannot establish a *prima facie* case of First Amendment retaliation. Doc. 2. Alternatively, Defendants claim they are entitled to qualified immunity. *Id.* In response, Plaintiff claims she has established a *prima facie* case of First Amendment retaliation. Doc. 7.

In *Boyce v. Andrew,* the Eleventh Circuit articulated the elements required for a plaintiff employed by the government to establish a *prima facie* case of a First Amendment violation. *Boyce v. Andrew*, 510 F.3d 1333, 1341-42 (11th Cir. 2007). First, the employee must have spoken as a citizen rather than a public employee. *Id.* Second, the main thrust of the speech must address matters of public concern and not about matters of private concern. *Id.* Although the Supreme Court of the United States has clearly established that public employment cannot be conditioned on a basis that infringes on an employees' First Amendment right to freedom of expression, ". . . when public employees make statements pursuant to

their official duties, the employees are not speaking as citizens for First

Amendment purposes, and the Constitution does not insulate their communications

from employer discipline." *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951,

1960, 164 L.Ed.2d 689 (2006).

To determine the first prong, a District Court must identify the purpose of

the employee's speech – "whether she spoke on behalf of the public as a citizen, or

whether the employee spoke for herself as an employee." *Boyce*, 510 F.3d at 1343.

A public employee speaks as an employee if the speech "relates to his or her job as

opposed to an issue of public concern[.]" *Id*. Thus, speech is not protected by the

First Amendment if the employee makes the statement about her official duties.

*See Garcetti,* 547 U.S. 410. In order to determine if a statement is made pursuant to

an employee's official duties, I must consider "the content, form, and context of a

given statement . . . ." *Boyce,* 510 F.3d at 1343 (citing *Connick v. Myers*, 461 U.S.

138, 147–48 (1983)).

In Plaintiff's Amended Complaint, Plaintiff alleges that during a phone

meeting with a management employee, Defendant Wilson, she discussed concerns

about being asked to falsify her timesheets in order to reflect that she spent 100%

of her time on the VOCA Grant. Although Plaintiff argues that it was not her job or

within her job duties to report misspending or the improper allocation of wages

under the grant, it was Plaintiff's job to fill out her timesheets. *See* doc. 7. A public

employee speaks as an employee, and not as a private citizen, if the speech *relates* to her job and addresses matters connected with her job. *See Boyce*, 510 F.3d at 1343.

Plaintiff's concerns with filling out her employee timesheet, which she communicated internally to Defendants, relate and are connected to her job as a Victim Advocate. Therefore, taking the allegations in the complaint as true, Plaintiff has failed to establish a *prima facie* case of First Amendment retaliation.

## CONCLUSION

The relief requested in Defendants' Motion to Dismiss Amended Complaint (Doc. 2) is **GRANTED.** Plaintiff's Amended Complaint is **DISMISSED with prejudice**. The Clerk is directed to close this case.

**ORDERED** on November 6, 2014.

/s/ **Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**